IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**KEVIN CARNETT,**

      **Plaintiff,**

v.                                                     Case No. 1:20-cv-01238-JDT-cgc

**CHESTER COUNTY, TENNESSEE;**

**CHESTER COUNTY SHERIFF'S DEPARTMENT;**

and

**BLAIR WEAVER, SETH PRESLAR,
CODY CLOUD, JASON WALKER, KYLE CONNER,
KYLE CUPPLES, MARK GRIFFIN, JODY PICKENS,
MICHAEL PHELPS, LARRY MCKENZIE, and
CLINT MURLEY, in their individual and official capacities.**

      **Defendants.**

---

**REPORT AND RECOMMENDATION ON
DEFENDANTS' PARTIAL MOTION TO DISMISS**

---

      Before the Court are Defendants Chester County, Tennessee ("Chester County"), Chester County Sheriff's Department ("Sheriff's Department"), Sheriff Blair Weaver ("Weaver"), Deputies Seth Preslar ("Preslar"), Cody Cloud ("Cloud"), Jason Walker ("Walker"), Kyler Conner ("Conner"), Kyle Cupples ("Cupples"), Mark Griffin ("Griffin"), Michael Phelps ("Phelps"), and Magistrate Larry McKenzie ("Judge McKenzie").[1]  Defendants filed their Partial Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry "D.E."

---

[1] The Court will refer to Weaver, Preslar, Cloud, Walker, Connor, Cupples, Griffin, and Phelps jointly as the "Deputy Defendants."  The Court will refer to the Deputy Defendants along with Judge McKenzie as the "Individual Defendants."

1

#27).  Pursuant to Administrative Order 2013-05[2], the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.  For the reasons set forth herein, it is recommended that the instant motion be GRANTED.

**I.     Introduction**

On October 20, 2020, Plaintiff Kevin Carnett filed a *pro se* Complaint pursuant to 42 United States Code Section 1983 ("Section 1983") alleging violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.  Plaintiff's Complaint also alleges violations of the Tennessee Governmental Tort Liability Act ("GTLA"), Tennessee Code Annotated Section 29-20-101, *et seq.*—namely, negligence, false imprisonment, negligent infliction of emotional distress, and invasion of privacy.[3]  The crux of Plaintiff's Complaint is that deputies with the Sheriff's Department damaged the home of his father, Larry Carnett, located at 3590 Garland Road in Pinson, Tennessee (the "Residence"), as well as property located therein, while executing an arrest and/or search warrant on October 21, 2019.  (*Id*. ¶¶ 18-29).

As to Chester County and the Sheriff's Department, Plaintiff alleges that they employed the Deputy Defendants and that they are responsible for the policies, practices, and customs of the

---

[2] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

[3]  Plaintiff also cursorily claims that his rights under the Tennessee Constitution have been violated.  Mentioning the Tennessee Constitution is not sufficient to plead a claim for a violation thereof.  Further, "Tennessee . . . has not recognized any . . . implied cause of action for damages based upon violations of the Tennessee Constitution." *Siler v. Scott*, 591 S.W.3d 84, 102 (Tenn. Ct. App. 2019), *appeal denied* (Oct. 11, 2019) (quoting *Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999).  Therefore, it is RECOMMENDED that any claims by Plaintiff arising out of violations of the Tennessee Constitution should be dismissed.

Sheriff's Department, including as to its hiring, training, supervision, control, discipline, and retention. (*Id.* 10-12).

As to the Deputy Defendants, the bulk of Plaintiff's allegations pertain to his Fourth Amendment claims of unlawful search and seizure.[4] Specifically, Plaintiff alleges that the arrest warrant used to enter the home was deficient and there was no valid search warrant at the time entry was made. (*Id*. ¶¶ 23-26, 34, 38, 43). Plaintiff alleges that Preslar and Phelps illegally entered the Residence and that, when Plaintiff arrived at the scene, he was not permitted to enter the Residence while Preslar, Walker, Conner, and Couples stayed inside, and Cloud stood "guard" outside. (*Id*. ¶¶ 21, 23-25, 32, 34). Plaintiff alleges that he repeatedly requested to see a warrant that permitted the search of the Residence but that his requests were denied. (*Id*. ¶¶ 23-29).

Ultimately, Pressler brought out large bags and one large item and loaded them into his vehicle. (*Id*. ¶ 26). Plaintiff claims that there were "too many items [of his] to mention" removed from the Residence. (*Id*.) Subsequently, Weaver and Griffin arrived and went into the Residence. (*Id*. ¶ 28). Plaintiff alleges that, while he continued to wait outside, he was able to see into two windows and witness the deputies "tearing up the home," walking on things, tossing irreplaceable pictures, and leaving belongings in disarray. (*Id*. ¶¶ 29, 33, 42). Plaintiff alleges that several items that belonged to deceased family members were "totally destroyed" as were photographs of his children and family, hard drives, music hard drives, music CDs, and other items. (*Id*. ¶ 29, 32). Plaintiff alleges that legal documents and bank statements were either opened and "tossed throughout the room" or removed. (*Id*. ¶ 45). Plaintiff alleges that sheetrock was removed from

---

[4] As discussed, *infra*, Defendants' Partial Motion to Dismiss does not argue that the Fourth Amendment claims against the Individual Defendants in their individual capacities should be dismissed. However, as it is RECOMMENDED herein, Section II.D.ii.c, that Plaintiff's Fourteenth Amendment claims against the Deputy Defendants fail because they are, in essence, Fourth Amendment claims, Plaintiff's allegations relating to the search and seizure are briefly summarized here.

3

the walls and ceiling, that four light fixtures were damaged, and that a ceiling fan was removed when the Deputy Defendants "[t]ore the home apart." (*Id*. ¶ 35, ¶ 41). He alleges that, when he finally was allowed to enter, he found "almost everything in the home either thrown, broken, or destroyed." (Id. ¶ 35).

As to Judge McKenzie, Plaintiff alleges that he unlawfully issued the warrant(s) that resulted in a search of Residence without probable cause. (*Id*. ¶¶ 39-40).

On December 12, 2020, Defendants filed the instant motion arguing that all claims should be dismissed as a matter of law with the exception of Plaintiff's Section 1983 claim against the Deputy Defendants alleging violations of his Fourth Amendment rights. Specifically, Chester County argues that the claims against it should be dismissed because Plaintiff failed to allege that any policy or procedure resulted in a violation of Plaintiff's constitutional rights. The Sheriff's Department asserts that the claims against it should be dismissed because government departments are not suable entities. Judge McKenzie asserts that the claims against him should be dismissed because he is immune from suit for his actions taken as a judicial officer.

The Individual Defendants assert that Plaintiff's Fifth Amendment claim must be dismissed because they are state officials rather than federal. They argue that Plaintiff's Eighth Amendment claim should be dismissed because he does not allege any actions or omissions on their part that occurred while he was incarcerated. They argue that Plaintiff's Fourteenth Amendment claims should be dismissed because his allegations of unlawful search and seizure are squarely protected by the Fourth Amendment. Finally, as to the state law claims, they argue that they are immune from suit under the GTLA.

On December 28, 2020, Plaintiff filed a *pro se* Response to Defendant's Partial Motion to Dismiss. Therein, Plaintiff's Response asserts that Section 1983 suits may be maintained against a defendant in both and official and individual capacity; however, he then acknowledges that official capacity suits merely represent an alternative means of pleading an action against a government entity. He argues that a Section 1983 suit is proper against a municipality such as Chester County when a failure to properly train or supervise its employees results in deliberate indifference to an individual's constitutional rights. Finally, Plaintiff avers that the tort claims that he seeks to bring under the GTLA are distinct from his civil rights claims and, thus, he may proceed with them against the Individual Defendants.

**II. Analysis and Proposed Conclusions of Law**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . .claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

    **A.**    **Claims Against the Sheriff's Department**

Plaintiff has sued the Sheriff's Office as a defendant in addition to Chester County, Tennessee. However, a "[county sheriff's] department is not a legal entity separate from its parent [county]." *Williams v. Luttrell*, No. 06-2777, 2007 WL 2238291, at *2 (W.D. Tenn. Aug. 1, 2007) (citing *Damron v. Pfannes,* 785 F.Supp. 644, 646 (E.D. Mich.1992) (citing cases)); *see also Jones v. Union County, Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994)) (concluding that, when both the county and the sheriff's department were named defendants, the sheriff's department should be dismissed as the claim against it is in fact against a duplicative claim against the county). Consequently, it is RECOMMENDED that all claims against the Sheriff's Department—including Section 1983 claims and those arising under Tennessee state law—be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

**B. Section 1983 Claims Against Chester County**

Section 1983 provides a cause of action for the deprivation of a federal right by someone acting under color of state law. *Bright v. Gallia Cty.*, 753 F.3d 639, 660 (6th Cir. 2014). Section 1983 does not impose vicarious liability on municipalities for their employees' actions. *Monell,* 436 U.S. at 694. Instead, when a Section 1983 plaintiff seeks to impose liability on a municipality, the plaintiff must plead not only that a constitutional violation occurred but also that a municipal policy or custom caused the plaintiff's injury. *See Monell*, 436 U.S. at 694*; Bible Believers v. Wayne Cty.*, 805 F.3d 228, 260 (6th Cir. 2015) (en banc).

In the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted pleading standards strictly. *Spainhoward v. White Cty.*, 421 F. Supp. 3d 524, 544 (M.D. Tenn. 2019); *Epperson v. City of Humboldt*, 140 F. Supp. 3d 676, 685 (W.D. Tenn. 2015) (citations omitted). Boilerplate allegations of municipal liability or a policy or custom are

7

generally insufficient. *Minick v. Metro. Gov't of Nashville*, 2014 WL 3817116, at *2 n.3 (M.D. Tenn. Aug. 4, 2014)

Here, Plaintiff has not identified any policy, procedure, or custom of the Sheriff's Department that he believes led to the alleged deprivations of his constitutional rights. This is insufficient to survive a motion to dismiss. *See Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 698 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1551 (2019) (affirming dismissal of a *Monell* claim because the complaint failed to allege a single fact that suggests, plausible or otherwise, that the police officers' purported constitutional violations were the result of a custom, policy, or practice of the city) (citation omitted); *Bickerstaff v. Lucarelli*, 830 F.3d 388, 402 (6th Cir. 2016) (same). Accordingly, it is RECOMMENDED Plaintiff's Section 1983 claims against Chester County be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

## C. Section 1983 Claims against Judge McKenzie

With respect to Plaintiff's claims against Judge McKenzie for his role in issuing any warrant(s) that led to the search of the Residence and seizure of property, "[t]he immunity of a judge for acts within [his] jurisdiction has roots extending to the earliest days of the common law." *Imbler v. Pachtman,* 424 U.S. 409, 423 n.20 (1976) (quoting *Floyd v. Barker,* 12 Coke 23, 77 Eng. Rep. 1305 (1608)). The United States Supreme Court accepted the rule of judicial immunity in *Bradley v. Fisher,* 13 Wall. 335, 20 L.Ed. 646 (1978). *Imbler,* 424 U.S. at n. 20. Further, it specifically held that state judges have absolute immune from liability under Section 1983 in *Briscoe v. LaHue,* 460 U.S. 325, 335 (1983) and *Pierson v. Ray,* 386 U.S. 547, 554 (1967).

8

Absolute judicial immunity is only overcome in two instances: (1) nonjudicial actions, i.e. actions not taken in the judge's judicial capacity; and (2) actions, though judicial in nature, that are taken in complete absence of all jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11–12 (1991). In *Stump v. Sparkman,* 435 U.S. 349 (1978), the United States Supreme Court set forth a two-prong test to determine whether an act is judicial: (1) whether the function is "normally performed by a judge"; and, (2) whether the parties dealt with the judge in his judicial capacity. *Id.* at 362. There are no allegations here that Judge McKenzie's issuance of the warrant(s) was a non-judicial action or that it was issued without jurisdiction. Additionally, the issuance of warrants is a function normally performed by a judge in his judicial capacity. Accordingly, Plaintiff may not pursue a Section 1983 claim against Judge McKenzie because he is entitled to absolute immunity. Thus, it is RECOMMENDED that all claims against Judge McKenzie be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

    **D.**    **Section 1983 Claims against Individual Defendants[5]**

    **i. Official Capacity Claims**

Plaintiff's Complaint alleges Section 1983 claims against the Individual Defendants in both their individual and official capacities. However, as Plaintiff acknowledges, claims against government officials in their official capacity amount to a suit against the governmental entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (stating that "official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Svcs. of New York,* 436 U.S. 658, 690 n.55 (1978));

---

[5] It has already been RECOMMENDED that all claims against Judge McKenzie fail because he maintains judicial immunity as set forth, *supra*, Section II.C. However, it is RECOMMENDED that they additionally fail for the reasons set forth in Section II.D.

9

*Foster v. Michigan*, 573 Fed. App'x 377, 390 (6th Cir. 2014) ("where the entity is named as a defendant, an official capacity claim is redundant."); *Leach v. Shelby County Sheriff*, 891 Fed.2d 1241, 1245–46 (6th Cir. 1990) (holding that the plaintiff's suit against the Mayor and the Sheriff of Shelby County in their official capacities was "essentially and for all purposes a suit against the County itself").

Because Plaintiff named Chester County as a Defendant, Plaintiff's claims against the Individual Defendants in their official capacities are duplicative. Accordingly, it is RECOMMENDED that the claims against the Individual Defendants in their official capacities be dismissed.

### ii. Individual Capacity Claims

#### a. Fifth Amendment Claims

Plaintiff's Complaint alleges that his Fifth Amendment due-process rights have been violated. The Fifth Amendment provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. The Fifth Amendment, however, only applies to alleged deprivations by federal actors, not to private or state actors. *Scott v. Clay County*, 205 F.3d 867, 873 n.8 (6th Cir.2000). The Fourteenth Amendment, rather than the Fifth Amendment, "restricts the activities of the states and their instrumentalities." *Id.*

When a complaint cites both the Fifth Amendment and the Fourteenth Amendment in an attempt to redress alleged due process violations by state actors, the invocation of the Fifth Amendment is a "nullity" and is "redundant" of the invocation of the Fourteenth Amendment. *Id.* Here, Plaintiff has done precisely that. Accordingly, it is RECOMMENDED that Plaintiff's Fifth Amendment claims be dismissed.

### b. Eighth Amendment

Next, Plaintiff alleges that the Individual Defendants violated his Eighth Amendment rights by excluding him from the Residence and by damaging his property during the search and seizure. The Eighth Amendment provides that "cruel and unusual punishments" shall not be inflicted. U.S. Const. amend. VIII. "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977). The State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *see also Graham v. Connor*, 490 U.S. 386, 395 n.10 (noting that the Eighth Amendment serves as substantive protection "[a]fter conviction"). Where the State seeks to impose punishment without such adjudication, such as for pretrial detainees, the pertinent constitutional guarantee is the due process clause of the Fourteenth Amendment. *Bell*, 441 U.S. at 535 n. 16; *Graham*, 490 U.S. at 395 n.10.

Here, Plaintiff does not allege that he had been convicted of a crime or that the actions taken by the Individual Defendants constitute unlawful post-conviction punishment. Thus, it is RECOMMENDED that Plaintiff's Eighth Amendment claims fail to state a claim upon which relief may be granted and should be dismissed.

### c. Fourteenth Amendment

Next, Plaintiff alleges that the Individual Defendants' actions that resulted in the unlawful search of the Residence and seizure of his property violated his Fourteenth Amendment right to due process. However, "[t]he Supreme Court has consistently held that where 'a constitutional

11

claim is covered by a specific constitutional provision…the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" *Wyatt v. Jones*, 2020 U.S. Dist. LEXIS 63725, *8 (W.D. Tenn. April 10, 2020) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998)). "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham*, 490 U.S. at 395. Accordingly, it is RECOMMENDED that Plaintiff's purported Fourteenth Amendment claims do not state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

### iii. State Law Claims

#### a. GTLA

Finally, Plaintiff seeks to bring various claims under the GTLA; however, Tennessee governmental entities "shall be immune from suit for an injury which may result from the activities of such governmental entities" except as otherwise provided in the statute. Tenn. Code Ann. § 29–20–201(a). The statute removes immunity for "injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of . . . civil rights" violations. § 29–20–205(2). The civil rights exception has been construed to include Section 1983 claims. *Johnson v. City of Memphis,* 617 F.3d 864, 872 (2010). A negligence claim falls under the civil rights exception where "the same circumstances giv[e] rise to both the negligence and civil rights claims." *Partee v. City of Memphis, Tenn.,* 449 Fed. App'x 444, 448 (6th Cir.2011) (alteration in original).

12

Plaintiff does not allege any other tortious conduct other than those actions that gave rise to his Section 1983 claims.  Thus, Chester County is immune from suit on Plaintiff's state tort claims because they arise from the same circumstances as Plaintiff's Section 1983 claims.  *Partee,* 449 Fed. App'x at 448.  Furthermore, Plaintiff's claims of negligent infliction of emotional distress and invasion of privacy are specifically enumerated as exceptions in Tennessee Code Annotated 29–20–205(2).  Plaintiff is therefore barred from recovery for either claim on these grounds as well.  (*See* D.E. #1, ¶¶ 109-115); Tenn. Code Ann. § 29–20–205(2).

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendants' Partial Motion to Dismiss be GRANTED.

**DATED** this 16th day of June, 2021.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**