# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

**KEVIN CARNETT,**

        **Plaintiff,**

v.                                                            Case No. 1:20-cv-01238-JDT-cgc

**CHESTER COUNTY, TENNESSEE,**

**CHESTER COUNTY SHERIFF'S DEPARTMENT,**

**and**

**BLAIR WEAVER, SETH PRESLAR,
CODY CLOUD, JASON WALKER, KYLE CONNER,
KYLE CUPPLES, MARK GRIFFIN, JODY PICKENS,
MICHAEL PHELPS, LARRY MCKENZIE, and
CLINT MURLEY, in their individual and official capacities.**

        **Defendants.**

---

## REPORT AND RECOMMENDATION ON
## DEFENDANT JODY PICKENS' MOTION TO DISMISS

---

Before the Court is Defendant Jody Pickens' Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") #30). Pursuant to Administrative Order 2013-051 , the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be GRANTED.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

**I.      Introduction**

On October 20, 2020, Plaintiff Kevin Carnett filed a *pro se* Complaint pursuant to 42 United States Code Section 1983 ("Section 1983") alleging violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff's Complaint also alleges violations of the Tennessee Governmental Tort Liability Act ("GTLA"), Tennessee Code Annotated Section 29-20-101, *et seq.*—namely, negligence, false imprisonment, negligent infliction of emotional distress, and invasion of privacy.[2] The crux of Plaintiff's Complaint is that deputies with the Chester County Sheriff's Department damaged the home of his father, Larry Carnett, located at 3590 Garland Road in Pinson, Tennessee (the "Residence"), as well as property located therein, while executing a warrant on October 21, 2019. (Compl. ¶¶ 18-29).

The bulk of the allegations do not pertain to Defendant Jody Pickens, who serves as the District Attorney General of Chester County, Tennessee ("General Pickens") and is named in his official and individual capacity. (Compl. ¶ 15). Plaintiff alleges that, while the search was underway, he repeatedly requested a copy of the warrant from the Chester County Sheriff's deputies and personnel, which was denied. (*Id.* ¶¶ 24-28). Plaintiff alleges that he has also requested this information, as well as a "Property Receipt" and an "affidavit of oath to get the warrant" from other individuals, including General Pickens, but that he has yet to receive them. (*Id.* ¶ 30). Plaintiff alleges that he received a letter from General Pickens stating that he is not

---

[2] Plaintiff also cursorily claims that his rights under the Tennessee Constitution have been violated. Mentioning the Tennessee Constitution is not sufficient to plead a claim for a violation thereof. Further, "Tennessee . . . has not recognized any . . . implied cause of action for damages based upon violations of the Tennessee Constitution." *Siler v. Scott*, 591 S.W.3d 84, 102 (Tenn. Ct. App. 2019), *appeal denied* (Oct. 11, 2019) (quoting *Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999). Therefore, it is RECOMMENDED that any claims by Plaintiff arising out of violations of the Tennessee Constitution should be dismissed.

entitled to receive a copy of the warrant. (*Id*. ¶¶ 31, 35). Plaintiff alleges that General Pickens "refuses to investigate" anything other than the "false police report" that gave rise to the search, even though he allegedly has ninety-eight pictures from the Residence. (*Id*. ¶ 31). Finally, Plaintiff alleges that General Pickens "is responsible for ensuring that Chester County Sheriff's Department personnel obey the laws of the State of Tennessee and of the United States." (*Id*. ¶ 15). Plaintiff's Complaint seeks "monetary damages," including compensatory damages, future lost earnings, and damages for pain and suffering, emotional distress, mental anguish, public humiliation, diminished reputation, and compensation for the "damage to his home and property. (*Id*. ¶ 120-121, 124). Plaintiff also seeks punitive damages against the individuals sued in their individual capacities. (*Id*. ¶ 123).

## II. Analysis and Proposed Conclusions of Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

"Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

4

*a. Official-Capacity Section 1983 Claims*

To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir.2003).

The principles of sovereign immunity set forth in the Eleventh Amendment to the United States Constitution bar a citizen of a state from suing that state in federal court. U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 15-16 (1890). A suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted); *Terry J. Johnson v. The City of Dyersburg*, No. 05-2015 DP, 2005 WL 8156960, at *4 (W.D. Tenn. Aug. 26, 2005) (citing cases). As such, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71. A District Attorney is an official of the State of Tennessee. *Paul Williams v. Matthew F. Stowe*, No. 1:15-cv-1186-JDT-egb, 2016 WL 1148279, at *2 (W.D. Tenn. Sept. 28, 2106), *adopted by* 2016 WL 6330576 (W.D. Tenn. Oct. 28, 2016) (citing statutory provisions).
There are three exceptions to a State's sovereign immunity: (1) when the State has consented to suit; (2) when the exception set forth in *Ex Parte Young*, 209 U.S. 123 (1908) applies; and, (3) when Congress has abrogated a State's immunity. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000).

As to the first exception, in *Quern v. Jordan*, 440 U.S. 332 (1979), the Supreme Court held that Congress's enactment of Section 1983 did not "override the traditional sovereign immunity of the States." *Id.* at 341; *Will*, 491 U.S. at 66 (citing *Quern*) ("That Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect was made clear in our decision in *Quern* . . . .").

5

As to the second exception, *Ex Parte Young* held that a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law. *S & M Brands*, 527 F.3d at 507-08. Plaintiff's Complaint does request "[t]hat Defendants' practices . . . be declared to be in violation of and in contravention of the Fourth, Fifth, Eighth, and Fourteenth Amendments . . . ." (Compl. At PageID 27, ¶ C); however, this is a request for retroactive declaratory relief which is not within the *Ex Parte Young* exception. *Id*. at 508 (citing *Quern*, 440 U.S. at 338).

As to the third exception, the State of Tennessee has not generally waived its sovereign immunity with respect to suits under Section 1983. *Berndt v. State*, 796 F.2d 879, 881 (6th Cir. 1986). The State of Tennessee has also not waived it in this case as evidenced by its position in response to the instant motion. *See S & M Brands*, 527 F.3d at 507 & n.10. Accordingly, as the official-capacity Section 1983 claim against General Pickens is a *de facto* claim against the State of Tennessee, and as the State of Tennessee maintains sovereign immunity that is not subject to any exception or waiver, it is RECOMMENDED that this claim be DISMISSED.

### b. *Individual-Capacity Section 1983 Claims*

With respect to Plaintiff's individual-capacity Section 1983 claim against General Pickens, the only actions Plaintiff complains of were made in General Pickens' role as a prosecutor for Chester County, Tennessee. Generally, a "prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). However, *Imbler* only addressed prosecutorial immunity for activities "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and in presenting the State's case." *Id*. at 403. *Imbler* did not consider whether the same rationale would require absolute immunity for "those aspects of a prosecutor's responsibility that case him in the role of an administrator or investigative officer rather than that of an advocate." *Id*. at 430-31. However, the Court need not address this more nuanced question to resolve the issue because Plaintiff has failed to plead cognizable claims under Section 1983.

Plaintiff's Complaint generally alleges that General Pickens violated his constitutional rights by denying his request for various documentation relating to the search of the Residence, refusing to adequately investigate the matter, and failing to ensure that deputies with the Chester County Sheriff's Department acted lawfully.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Plaintiff's allegations that General Pickens did not provide him with the documentation he sought and did not adequately investigate the incident—both decisions made after the search of the Residence—do not pertain to whether officers lawfully searched the

7

Residence and seized any evidence found therein.  Plaintiff's allegation that General Pickens was responsible for the actions of the Chester County Sheriff's Department is likewise misplaced as the District Attorney General and the Chester County Sheriff's Department are separate entities. *See* Tenn. Code Ann. § 8-7-101, *et seq*., § 8-8-201 & § 8-8-301.  Accordingly, it is RECOMMENDED that Plaintiff's Fourth Amendment claim brought pursuant to Section 1983 against General Pickens in his individual capacity fails as a matter of law.

The Fifth Amendment provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law . . . ."  U.S. Const. amend. V.  The Fifth Amendment, however, only applies to alleged deprivations by federal actors, not to private or state actors.  *Scott v. Clay County*, 205 F.3d 867, 873 n. 8 (6th Cir.2000).  The Fourteenth Amendment, rather than the Fifth Amendment, "restricts the activities of the states and their instrumentalities." *Id.*  When a complaint cites both the Fifth Amendment and the Fourteenth Amendment in an attempt to redress alleged due process violations by state actors, the invocation of the Fifth Amendment is a "nullity" and is "redundant" of the invocation of the Fourteenth Amendment. *Id.*  Here, Plaintiff has done precisely that.  Accordingly, it is RECOMMENDED that Plaintiff's Fifth Amendment claim fails as a matter of law.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  However, Plaintiff has not brought forth any argument that damage to property during the execution of a search warrant constitutes a cruel and unusual punishment, and the Court is aware of none.  *See*, *e.g.*, *Melvin Barhite v. Dave Sumner*, No. 12-13722, 2013 WL 6569144, at *3 (E.D. Mich. Aug. 21, 2013) (concluding that "the Court is aware of no case that has held that damage to . . . property constitutes cruel and unusual punishment.").  Accordingly, it is RECOMMENDED that Plaintiff's

Eighth Amendment claim brought pursuant to Section 1983 against General Pickens in his individual capacity fails as a matter of law.

Finally, as to Plaintiff's Fourteenth Amendment claim, Plaintiff only cursorily states that "the actions described herein of each of the named Defendants . . . amounted to a brutal and despicable abuse of official power, which violated Plaintiff's due process rights that are protected under the Fourteenth Amendment of the United States Constitution and the Tennessee Constitution . . . ." (Compl. ¶ 89). This amounts only to a bare-bones allegation that is insufficient to survive a Rule 12(b)(6) motion. Even considering the entirety of the Complaint, the Court is unaware of any basis for such allegations against General Pickens, who neither participated in the search of the Residence nor directed the actions of the officers who executed it, raises a Fourteenth Amendment violation. Accordingly, it is RECOMMENDED that Plaintiff's Fourth Amendment claim brought pursuant to Section 1983 against General Pickens in his individual capacity fails as a matter of law.

### c. *GTLA Claims*

The GTLA provides that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201. This immunity is removed for "injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of" certain enumerated exceptions, including claims regarding civil rights."

The GTLA does not create a right of action against anyone other than a governmental entity. *See, e.g. Sneed v. City of Red Bank, Tennessee*, 459 S.W.3d 17, 24 (Tenn. 2014) (citing *Lucius v. City of Memphis*, 925 S.W.2d 522, 525 (Tenn. 1996)) (stating that the "GTLA governs

9

only claims against counties, municipalities, and other local government entities . . . .). Accordingly, it is RECOMMENDED that, to the extent Plaintiff sought to purse a GTLA claim against General Pickens individually, such a claim fails to state a claim upon which relief may be granted and should be DISMISSED.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that General Pickens' Motion to Dismiss be GRANTED.

SIGNED this 17th day of June, 2021.

> s/ Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**