IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

**KEVIN CARNETT,**

   **Plaintiff,**

v.                                 Case No. 1:20-cv-01238-JDT-cgc

**CHESTER COUNTY, TENNESSEE;**

**CHESTER COUNTY SHERIFF'S DEPARTMENT;**

and

**BLAIR WEAVER, SETH PRESLAR,
CODY CLOUD, JASON WALKER, KYLE CONNER,
KYLE CUPPLES, MARK GRIFFIN, JODY PICKENS,
MICHAEL PHELPS, LARRY MCKENZIE, and
CLINT MURLEY, in their individual and official capacities.**

   **Defendants.**

---

### REPORT AND RECOMMENDATION ON
### DEFENDANT CLINT MURLEY'S MOTION TO DISMISS

---

  Before the Court is Defendant Clint Murley's ("Officer Murley") Motion to Dismiss. (Docket Entry ("D.E.") #33). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Officer Murley's Motion to Dismiss be GRANTED.

## I.  Introduction

On October 20, 2020, Plaintiff Kevin Carnett filed a *pro se* Complaint pursuant to 42 United States Code Section 1983 ("Section 1983") alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights.  Plaintiff's Complaint also alleges violations of the Tennessee Governmental Tort Liability Act, Tennessee Code Annotated Section 29-20-101, *et seq.*— namely, negligence, false imprisonment, negligent infliction of emotional distress, and invasion of privacy.  The crux of Plaintiff's Complaint is that deputies with the Chester County Sheriff's Department damaged the home of Plaintiff's father, Larry Carnett, located at 3590 Garland Road in Pinson, Tennessee (the "Residence"), as well as property located therein, while executing a warrant on October 21, 2019.  (Compl. ¶¶ 18-29).

As to Officer Murley, Plaintiff's Complaint alleges as follows: (1) that Officer Murley is a probation officer in Chester County, Tennessee (Compl. ¶ 16); (2) that Officer Murley was a "signer of an arrest warrant" that initially stated that it pertained to an individual by the name of Colton Carnett but, in another portion, erroneously listed an individual named Dillon Cross as the person to be arrested (*Id*. ¶¶ 16, 19, 32, 38);  (3) that this arrest warrant resulted in an "illegal search and seizure" at his father, Larry Carnett's, home located at 3590 Garland Road, Pinson, Tennessee (the "Residence") (*Id*. ¶ 16).

In support of his motion, Officer Murley has filed as an exhibit a document titled "**Chester County Department of Community Corrections**, 26TH JUDICIAL DISTRICT, W**ARRANT**."[1]  (D.E. #33-2).   There are three portions to this document.  In the first portion,

---

[1] On this document, "Chester" was handwritten above "Madison" for the county name, with a line drawn through "Madison."  (D.E. #33-2).  Plaintiff's Complaint alleges that the "Deficient Warrant" was "used for a Mr. Dillon Cross in another county of Madison" (Compl. ¶ 38);

Officer Murley signed a statement stating that Colton Carnett failed to report to Community Corrections as ordered by the Chester County Circuit Court, Division III, as his sentence for two counts of aggravated burglary and one count of theft of property over $25,000. Only Colton Carnett's name was mentioned in the portion signed by Officer Murley. In the second portion, it restates Colton Carnett's Community Corrections violations but then commands the arrest of Dillon Cross. This portion was signed by Judge Kyle Atkins of the Chester County Circuit Court, Division III. Plaintiff nonetheless argues that Officer Murley prepared the erroneous document that was presented to the judge and that "it is unclear if the Judge thought it was for Colton Carnett or Dillon Cross." (Compl. ¶ 32). In the third portion, Colton Carnett's name is listed along with a photograph and identifying information.

### II.   Analysis

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do."

---

however, throughout his Complaint, he alleges that the arrest of Colton Carnett took place in Chester County and was effectuated by its Sheriff's Department and deputies.

*Twombly*, 550 U.S. at 555.  Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss.  *Twombly*, 550 U.S. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S.

at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### A. Section 1983 Claims

To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Here, Plaintiff's Section 1983 claims for violations of the Fourth, Eighth and Fifteenth Amendments states that it is against "each of the named Defendants, acting separately and/or conspiring together"; however, Plaintiff does not mention Murley or the errors on the arrest warrant as giving rise to any of these claims. These conclusory statements fail to give Murley fair notice of the claims against him as required by Rule 8.

Even if Plaintiff had otherwise properly plead an action against Murley, the actions non-judicial officers who perform "quasi-judicial" duties cannot ordinarily give rise to Section 1983 claims because these officers generally have absolute immunity from suit. The United States Court of Appeals for the Sixth Circuit has summarized quasi-judicial immunity as follows:

> [A]bsolute judicial immunity has been extended to non-judicial officers who perform quasi-judicial duties. Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.
>
> The Supreme Court has endorsed a functional approach in determining whether an official is entitled to absolute immunity. Under this approach, a court looks to the nature of the function performed, not the identity of the actor who performed it.

*Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (internal citations and quotation marks omitted).  In *Loggins v. Franklin County Ohio*, 218 Fed. Appx. 466, 476 (6th Cir. 2007), the Sixth Circuit held that a probation officer is entitled to quasi-judicial immunity when acting within the scope of his duties as a probation officer.  The Sixth Circuit further concluded that quasi-judicial immunity extends to officers who issue arrest warrants.  *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir. 1988).  Accordingly, even if Plaintiff's claims against Murley were well-plead, he is entitled to quasi-judicial immunity for his actions taken as a probation officer.  Thus, it is RECOMMENDED that Plaintiff's Section 1983 claims against Murley be DISMISSED.

### B. GTLA Claims

The GTLA provides that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of their functions, governmental or proprietary."  Tenn. Code Ann. § 29-20-201.  This immunity is removed for "injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of" certain enumerated exceptions, including claims regarding civil rights."

The GTLA does not create a right of action against anyone other than a governmental entity.  *See, e.g. Sneed v. City of Red Bank, Tennessee*, 459 S.W.3d 17, 24 (Tenn. 2014) (citing *Lucius v. City of Memphis*, 925 S.W.2d 522, 525 (Tenn. 1996)) (stating that the "GTLA governs

only claims against counties, municipalities, and other local government entities . . . .). Accordingly, it is RECOMMENDED that, to the extent Plaintiff sought to purse a GTLA claim against Murley, such a claim fails to state a claim upon which relief may be granted and should be DISMISSED.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant Clint Murley's Motion to Dismiss be GRANTED.

**DATED** this 2nd day of July, 2021.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**