UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| KEVIN CARNETT, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| VS. | )    No. 20-1238-JDT-cgc |
| | ) |
| CHESTER COUNTY, TENNESSEE, | ) |
| ET AL., | ) |
| | ) |
|     Defendants. | ) |

ORDER DENYING PLAINTIFF'S OBJECTIONS,
ADOPTING MAGISTRATE JUDGE'S RECOMMENDATIONS,
GRANTING MOTION FOR PARTIAL DISMISSAL (ECF No. 27),
AND GRANTING MOTIONS TO DISMISS (ECF Nos. 30 & 33)

On October 20, 2020, Plaintiff Kevin Carnett filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He paid the civil filing fee on October 21, 2020. (ECF No. 5.) Plaintiff has sued Chester County, Tennessee; the Chester County Sheriff's Department; Sheriff Blair Weaver; Sheriff's Department Investigator Seth Preslar; Sheriff's Deputies Cody Cloud, Jason Walker, Kyle Conner, Kyle Cupples, Mark Griffin, and Michael Phelps; Jody Pickens, District Attorney for the 26th Judicial District of Tennessee; Larry McKenzie, General Sessions Court Judge for Chester County; Probation Officer Clint Murley; and Earl Benish.[1]

On December 12, 2020, a motion for partial dismissal was filed on behalf of Chester County, the Sheriff's Department, Defendants Weaver, Preslar, Cloud, Walker, Conner, Cupples,

---

[1] On November 18, 2020, Plaintiff returned the summons issued for Benish unexecuted and filed a Notice of Voluntary Dismissal as to that Defendant. (ECF Nos. 15 & 17.)

Griffin, and Phelps, and Defendant McKenzie.  (ECF No. 27.)  Defendant Pickens filed a motion to dismiss on December 17, 2020 (ECF No. 30), and a separate motion to dismiss was filed on behalf of Defendant Murley on January 4, 2021.  (ECF No. 33.)  Plaintiff responded to Defendant Murley's motion to dismiss (ECF No. 35) and also to the motion filed on behalf of the Chester County Defendants and Defendant McKenzie.  (ECF No. 32.)  He did not file a response to the motion to dismiss filed by Defendant Pickens.

United States Magistrate Judge Charmiane G. Claxton issued a separate Report and Recommendation (R&R) for each pending motion to dismiss, recommending that all three motions be granted.  (ECF Nos. 37, 38 & 41.)  Plaintiff has filed timely objections.  (ECF Nos. 39 & 42.)  Replies to Plaintiff's objections have been filed by Defendant Murley (ECF No. 43) and also by the Chester County Defendants and Defendant McKenzie.  (ECF No. 40.)

The allegations in Plaintiff's complaint involve the issuance and execution of an arrest and/or search warrant at property located at 3590 Garland Road in Pinson, Tennessee.  Plaintiff alleges the Defendants violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.  He also asserts causes of action under Tennessee law that are governed by the Tennessee Governmental Tort Liability Act (GTLA), Tenn. Code Ann. § 29-20-101 *et seq.*  Magistrate Judge Claxton recommends the Court dismiss all of Plaintiff's claims for failure to state a claim on which relief may be granted except the individual-capacity Fourth Amendment claims against the Sheriff's Department employees.

The Magistrate Judge has determined the individual capacity claims against Defendant McKenzie should be dismissed on the basis of absolute judicial immunity.  Issuance of warrants is a basic function performed by a judge in his judicial capacity.  Plaintiff's allegation that

Defendant McKenzie merely "rubber-stamped" the warrant(s) is not enough to overcome that immunity.[2]

Magistrate Judge Claxton also found the claims against the Sheriff's Department should be dismissed because the Sheriff's Department is not an entity that may be sued apart from the County itself. Plaintiff has not objected to that conclusion.

As for the municipal liability claims against Chester County and the official-capacity claims against the Sheriff's Department employees, the Magistrate Judge has recommended dismissal because Plaintiff has not sufficiently alleged his rights were violated by an official policy or custom of Chester County. The only reference to municipal liability in Plaintiff's objections is his assertion that "[i]n order to determine whether the County is liable for a policy implemented by the District Attorney, this Court must determine whether the District Attorney acted as a municipal policymaker." (ECF No. 39 at PageID 267.) However, as Magistrate Judge Claxton pointed out, Defendant Pickens is employed by the State of Tennessee, not by Chester County. (*See* ECF No. 38 at PageID 258, 260.) He does not control the Chester County Sheriff's Department or any employee thereof; Pickens thus cannot in any way be considered a policymaker for Chester County whose actions can support municipal liability.[3] Therefore, the municipal liability and official capacity claims against Chester County will be dismissed.

The Magistrate Judge also recommends dismissal of Plaintiff's Fifth, Eighth, and Fourteenth Amendment claims against the Sheriff's Department employees. The Fifth

---

[2] Since both are employed by the State of Tennessee, the official capacity claims against Judge McKenzie, like the official capacity claims against Defendant Pickens discussed *infra*, are barred by the Eleventh Amendment's grant of sovereign immunity.

[3] Though Plaintiff's complaint contains conclusory allegations that the County has a policy or custom of failure to train, he did not raise that point in his objections to the R&R.

3

Amendment claims fail because the Fifth Amendment applies only to actions by federal actors, not to state actors. *Scott v. Clay Cnty.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000). The Eighth Amendment applies only to claims brought by convicted prisoners. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). As to Plaintiff's Fourteenth Amendment claims, the Supreme Court stated in *Graham v. Connor* that claims arising out of an allegedly unlawful search and seizure should be analyzed under the Fourth Amendment rather than under "the more generalized notion of 'substantive due process.'" 490 U.S. 386, 395 (1989). Plaintiff has not specifically objected to these conclusions.

As for the claims against Pickens, Magistrate Judge Claxton recommends dismissal of the official capacity claims against him because they are barred by the grant of sovereign immunity in the Eleventh Amendment. Again, Plaintiff does not state any specific objection to this recommendation. However, Plaintiff does object to the recommendation to also dismiss all of the individual-capacity claims against Pickens.

The Fifth and Eighth Amendment claims against Defendant Pickens fail for the reasons stated above. In addition, Plaintiff does not allege Pickens was involved in the execution of the search warrant. As the Magistrate Judge noted (ECF No. 38 at PageID 259), the complaint alleges only that Defendant Pickens denied Plaintiff's later requests for documentation related to the search of the property at 3590 Garland Road, failed to investigate the matter properly, and failed to control the Sheriff's Department employees to ensure their actions were lawful. Because Pickens had no authority over the Chester County Sheriff's Department, these alleged actions have no bearing on whether the search of the Pinson property violated the Fourth Amendment. Accordingly, the Fourth Amendment claim against Pickens will be dismissed.

Magistrate Judge Claxton also found that Plaintiff's Fourteenth Amendment claim against Defendant Pickens "amounts only to a bare-bones allegation that is insufficient to survive" a motion to dismiss. (*Id.* at PageID 261.) Plaintiff strongly resists this conclusion. In fact, his objections to the R&R consist, almost entirely, of a lengthy and confusing litany describing Pickens's supposed wrongdoing. (ECF No. 39.) However, those allegations are not set out in the complaint. Even if they were, their relevance to the claims arising out of the search of the Pinson property is not evident.[4] The Fourteenth Amendment claims against Pickens also will be dismissed.

With regard to Defendant Murley, the Magistrate Judge first concluded the complaint does not give the Defendant fair notice of the claims against him as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. However, she also found that even if Plaintiff had properly pleaded a claim against Murley it should be dismissed because Murley was acting within the scope of his duties as a probation officer when he prepared and signed an arrest warrant for Colton Carnett, which was then issued by a judge. As such, the Magistrate Judge found Defendant Murley is entitled to quasi-judicial immunity. *See Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019); *Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007).[5]

---

[4] For instance, Plaintiff repeatedly references an underlying state-court criminal prosecution and at one point seems to assert that Pickens acted maliciously in bringing the charges. (ECF No. 39 at PageID 267.) However, it appears it was Colton Carnett who was charged instead of Plaintiff himself. (*Id.* at PageID 264-65.) Plaintiff has no standing to sue to vindicate the civil rights of anyone but himself.

[5] As to any claims against Murley in his official capacity, he states he is actually employed by Madison County instead of Chester County. Regardless, Plaintiff has failed to allege that Murley's action in signing an arrest warrant containing errors was caused by an official policy or custom of either Chester or Madison County.

5

The complaint alleges only that when Defendant Murley signed the arrest warrant it contained an error. (ECF No. 1 at PageID 10.) Specifically, the portion of the warrant signed by Murley referred to Colton Carnett as having violated the conditions of his probation, but the portion signed by the issuing judge referred to Colton Carnett as the violator but commanded the arrest of "the aforesaid" Dillon Cross. (*Id.*; *see also* ECF No. 33-2.) On the copy of the arrest warrant submitted by Defendant Murley, Colton Carnett's last known address is listed as the Chester County Jail. (ECF No. 33-2 at PageID 220.) However, in response to Murley's motion to dismiss, Plaintiff offered what he asserts is a copy of the signed and executed arrest warrant. (ECF No. 35-1.) That copy lists Colton Carnett's last known address as the 3590 Garland Road property in Pinson instead of the Chester County Jail. (*Id.*) Plaintiff claims that was not Colton Carnett's address, which he contends shows the document was either false when presented to the judge or wrongfully altered later; he also conceded, however, that he did not know "how the address was changed". (ECF No. 35 at PageID 228-29.)

In his objections to the Magistrate Judge's recommendation to dismiss the claims against Defendant Murley, Plaintiff offers new factual information and exhibits not found in the complaint. (ECF Nos. 42, 42-1, 42-2, 42-3 & 42-4.) This new information appears designed to bolster Plaintiff's suggestion that Defendant Murley knew the arrest warrant contained an incorrect address when he signed it, or at least that he should have verified the accuracy of the document.

Even if, for purposes of this order only, the Court accepts Plaintiff's allegations regarding Murley as true, including those not included in the complaint, he still fails to state any claim against this Defendant. Plaintiff alleges only that Murley signed an arrest warrant for *Colton* Carnett that may have contained errors that could have been prevented. However, Colton Carnett is not a party

to this case. Even if the address listed was the 3590 Garland Road property,[6] nothing in the arrest warrant mentioned Plaintiff or authorized a search of the property. Plaintiff's assertion that the arrest warrant "may have authorized a search" (ECF No. 35 at PageID 230) is not plausible. He does not contend Defendant Murley was involved in the issuance of the actual search warrant or in the search of the property. Consequently, any constitutional claims against Defendant Murley are subject to dismissal on the basis of quasi-judicial immunity.

Finally, Magistrate Judge Claxton recommends dismissal of all state-law claims Plaintiff seeks to bring under the GTLA or under the Tennessee Constitution. First, there is no private right of action for damages for violations of the Tennessee Constitution. *See Siler v. Scott*, 591 S.W. 3d 84, 102 (Tenn. Ct. App. 2019), *perm. app. denied*, (Tenn. Oct. 11, 2019). In addition, the GTLA specifically retains immunity from suit with regard to claims arising out of civil rights violations. *See* Tenn. Code Ann. § 29-20-205(2). Likewise, immunity is retained for injuries arising out of invasion of privacy or "infliction of mental anguish". *Id.* In this case, all of Plaintiff's state-law claims arise out of the same set of circumstances as his civil rights claims and are barred by the immunity provided by the GTLA. Those claims will be dismissed.

In conclusion, the Court has carefully considered the Magistrate Judge's R&Rs, Plaintiff's objections, and Defendants' replies and finds the R&Rs to be well-reasoned and sound. All three of the R&Rs are hereby ADOPTED. Accordingly, the motion for partial dismissal filed on behalf of the Chester County Defendants and Defendant McKenzie is GRANTED (ECF No. 27). The motions to dismiss filed by Defendants Pickens and Murley are also GRANTED. (ECF Nos. 30

---

[6] Though Plaintiff contends the 3590 Garland Road address was not Colton Carnett's address, he concedes Colton Carnett did live there before being "evicted". (ECF No. 1 at PageID 10; ECF No. 35 at PageID 227-28, 233.) He also concedes Colton Carnett actually was found and arrested at that address the same day the search warrant was executed. (ECF No. 35 at PageID 232-33.)

& 33.) The only claims remaining in this action are the Fourth Amendment claims brought against Defendants Blair Weaver, Seth Preslar, Cody Cloud, Jason Walker, Kyle Conner, Kyle Cupples, Mark Griffin, and Michael Phelps in their individual capacities.

IT IS SO ORDERED.

                                                               s/ **James D. Todd**
                                                            JAMES D. TODD
                                                            UNITED STATES DISTRICT JUDGE