# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| KEVIN CARNETT, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| VS. | )    No. 20-1238-JDT-cgc |
| | ) |
| CHESTER COUNTY, TENNESSEE, | ) |
| ET AL., | ) |
| | ) |
|     Defendants. | ) |

## ORDER DENYING MOTION FOR RULE 54(b) CERTIFICATION OF FINAL JUDGMENT

    This case was filed by the *pro se* Plaintiff, Kevin Carnett, pursuant to 42 U.S.C. § 1983. On August 12, 2021, the Court issued an order overruling Plaintiff's objections and adopting U.S. Magistrate Judge Charmiane G. Claxton's Report and Recommendation to, *inter alia*, grant the motion to dismiss filed by Defendant Jody Pickens, the District Attorney General for the 26th Judicial District of Tennessee. (ECF No. 44.) Pickens has now filed a motion pursuant to Federal Rule of Civil Procedure 54(b) asking the Court to direct the entry of a final judgment as to the dismissal of the claims against him. (ECF No. 45.) Plaintiff has not responded to the motion.

    Under Rule 54(b), a district court may, in a multi-claim and/or multi-party case, direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines there is no just reason for delay. The Rule was designed to permit the entry of such a final judgment "where the parties demonstrated a need for making review available on some of the claims or parties before entry of final judgment to all." *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (quoting *COMPACT v. Metro. Gov. of Nashville &*

*Davidson Cnty., Tenn.*, 786 F.2d 227, 230 (6th Cir. 1986)).  *See also Carpenter v. Liberty Ins. Corp.*, 850 F. App'x 351, 353 (6th Cir. 2021).  However, the Supreme Court has stated "that Rule 54(b) certification [is] not to be granted as a matter of course, and that this remedy should be reserved for the infrequent harsh case."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 5 (1980); *S2 Yachts, Inc. v. ERH Marine Corp.*, 855 F. App'x 273, 274-75 (6th Cir. 2021).

Rule 54(b) requires the district court to both "expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case" and "expressly determine that there is no just reason to delay appellate review."  *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012), *quoted in Carpenter*, 850 F. App'x at 353.  The Sixth Circuit has identified at least five factors that must be considered in determining whether there is no just reason for delay:

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Planned Parenthood*, 696 F.3d at 503.  *See also Rowland v. S. Health Partners, Inc.*, 4 F.4th 422, 427 (6th Cir. 2021).  "A 'bare-bones' certification without any explanation for why an immediate appeal is preferable . . . does not establish jurisdiction over an appeal.  *Babcock Power, Inc. v. Kapalis*, Nos. 19-5495 & 19-5542, 2020 WL 2316055, *2 (6th Cir. Mar. 26, 2020) (citing *EJS Props., LLC v. City of Toledo*, 689 F.3d 535, 537-38 (6th Cir. 2012)).

In this case, Defendant Pickens has filed a Rule 54(b) motion in which he merely quotes the language of the Rule and states that the Court has dismissed all claims against him.  He does not address any of the applicable factors or provide any reason, other than his own convenience,

as to why he believes immediate entry of judgment is preferable. This "bare-bones" motion is insufficient to allow the Court to make an informed ruling. The motion for Rule 54(b) certification of a final judgment as to Defendant Pickens is therefore DENIED.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE