```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

|  |  |
|---|---|
| KEVIN CARNETT,  )<br>         )<br>    Plaintiff, )<br>         )<br> v.         )    No. 2:20-cv-01238-SHM-cgc<br>         )<br> CHESTER COUNTY, TENNESSEE, ET )<br> AL.,         )<br>         )<br>    Defendants. )<br>         ) | |

**ORDER**

This case arises from the issuance and execution of arrest and/or search warrants at a residence in Pinson, Tennessee. Plaintiff Kevin Carnett alleges violations of rights guaranteed under the Fourth, Fifth, Eighth, and Fourteenth Amendments. He also asserts causes of action under the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. §§ 29-20-101, et. seq. Carnett names the following entities and natural persons as Defendants: Chester County, Tennessee; Chester County Sheriff's Department; Sheriff Blair Weaver; Sheriff's Department Investigator Seth Preslar; Sheriff's Deputies Cody Cloud, Jason Walker, Kyle Conner, Kyle Cupples, Mark Griffin, and Michael Phelps; Jody Pickens, District Attorney for the 26th Judicial District of Tennessee; Larry McKenzie, General Sessions Court Judge for Chester County; Probation Officer Clint Murley; and Earl

Benish. Before the Court is Carnett's Motion for Reconsideration and Partial Objection to the Order Adopting the Report and Recommendations Based on New Evidence (the "Motion for Reconsideration"). (ECF No. 48.) Defendants, except Pickens and Benish, have filed Responses.[1] (ECF Nos. 51; 53.) For the following reasons the Motion for Reconsideration is **DENIED**.

**I.   Background**

This case was assigned to United States Magistrate Judge Charmiane G. Claxton for management of all pretrial matters. On December 12, 2020, a Motion for Partial Dismissal was filed on behalf of Chester County, Chester County Sheriff's Department, Weaver, Preslar, Cloud, Walker, Conner, Cupples, Griffin, Phelps, and McKenzie. (ECF No. 27.) Pickens filed a Motion to Dismiss on December 17, 2020. (ECF No. 30.) Murley filed a Motion to Dismiss on January 4, 2021. (ECF No. 33.) Magistrate Judge Claxton issued a separate Report and Recommendation ("R&R") for each motion and recommended that each motion be granted. (ECF Nos. 37; 38; 41.)

In the first R&R, Magistrate Judge Claxton found that claims against the Sheriff's Department should be dismissed because the Sheriff's Department is not an entity that may be sued apart from the County itself. (ECF No. 37, PageID 246.) The Magistrate Judge

---

[1] On November 18, 2020, Carnett returned the summons issued for Benish unexecuted and filed a Notice of Voluntary Dismissal as to Benish. (ECF Nos. 15, 17.)

2

recommended the municipal liability claims against Chester County and official-capacity claims against the Sheriff's Department employees be dismissed because Carnett had not sufficiently alleged that his rights were violated by an official policy or custom of Chester County. (ECF No. 37, PageID 246, 248-49.) Magistrate Judge Claxton determined that all claims against McKenzie should be dismissed based on absolute judicial immunity. (ECF No. 37, PageID 247-48.)

Magistrate Judge Claxton recommended dismissal of Carnett's Fifth, Eighth, and Fourteenth Amendment individual-capacity claims against Sheriff's Department employees. The Fifth Amendment claims failed because the Fifth Amendment applies only to actions by federal actors. (ECF No. 37, PageID 249.) The Eighth Amendment claims failed because the Eighth Amendment applies only to claims brought by convicted prisoners. (ECF No. 37, PageID 250.) The Fourteenth Amendment claims failed because the Supreme Court has found that claims arising out of an allegedly unlawful search and seizure should be analyzed under the Fourth Amendment. (ECF No. 37, 250-51.)

Magistrate Judge Claxton recommended dismissal of Carnett's GTLA claims against the moving Defendants because the GTLA does not provide an exception to governmental immunity for injuries that result from civil rights violations. (ECF No. 37, PageID 51.)

3

The second R&R addressed Carnett's claims against Pickens. Carnett's Complaint alleged that Pickens had violated Carnett's constitutional rights by denying Carnett's request for documentation of the search of the residence, refusing to investigate the matter adequately, and failing to ensure that deputies of the Chester County Sheriff's Department acted lawfully. Magistrate Judge Claxton found that official capacity claims should be dismissed because the State of Tennessee had not waived its sovereign immunity. (ECF No. 38, PageID 258.) The Fifth Amendment and GTLA claims failed for the reasons set out in the first R&R. (ECF No. 38, PageID 260-62.) Damage to property during the execution of an arrest/search warrant did not constitute an Eighth Amendment claim. (ECF No. 38, PageID 260-61.) The Fourth Amendment claims failed because Carnett's claims against Pickens did not relate to the search and seizure at the residence. (ECF No. 38, PageID 259-60.) Magistrate Judge Claxton recommended that the Fourteenth Amendment claims be dismissed because Carnett's general allegations of "abuse of power" were insufficiently detailed to survive a motion to dismiss. (ECF No. 38, PageID 261.)

The third R&R addressed Carnett's claims against Murley. Carnett's Complaint alleged that mistakes in an arrest warrant signed by Murley had led to the improper search and seizure at the residence. Magistrate Judge Claxton found that the Complaint did not provide fair notice to Murley of the claims against him

4

and that, as a quasi-judicial officer, Murley was entitled to absolute immunity from suit. (ECF No. 41, PageID 284-85.) The GTLA claims failed for the reasons set out in the first R&R. (ECF No. 41, Page ID 285-86.)

Carnett filed timely objections to the three R&Rs. (ECF Nos. 39 & 42.) In an order dated August 12, 2021, United States District Judge James D. Todd denied Carnett's objections, adopted Magistrate Judge Claxton's three R&Rs, and granted the pending Motions to Dismiss. (ECF No. 44.) The only remaining claims in this case are Fourth Amendment claims against Weaver, Preslar, Cloud, Walker, Conner, Cupples, Griffin, and Phelps in their individual capacities. (ECF No. 44, PageID 329.)

On October 5, 2021, the case was reassigned to this Court for all further proceedings. (ECF No. 47.) On November 29, 2021, Carnett filed his Motion for Reconsideration. (ECF No. 48.) In the Motion, Carnett argues that "new evidence and overlooked facts" compel reversal of the August 12, 2021 order. First, Carnett argues that copies of the search warrants at issue bear different signatures, which makes them invalid. (ECF No. 48, PageID 341.) Second, Carnett argues that the state offenses that provided probable cause for the arrest and/or search warrants "never existed" because the offenses do not appear in a Tennessee Bureau of Investigations database. (ECF No. 48, PageID 345.) Third, Carnett asks the Court to consider correspondence between Carnett

5

and Pickens in which Pickens declined to release documents about an ongoing criminal investigation/prosecution and declined to bring charges against members of the Chester County Sheriff's Department. (ECF No. 48, PageID 347.)

## II.  Standard of Review

Under Federal Rule of Civil Procedure 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004).

The Local Rules of the United States District Court for the Western District of Tennessee provide that "any party may move, pursuant to Fed. R. Civ. P. 54 (b), for the revision of any interlocutory order made by that Court . . . ." LR 7.3(a). A motion for reconsideration must "specifically show" one of three elements:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at

>     the time of the interlocutory order; or (2) the
>     occurrence of new material facts or a change of law
>     occurring after the time of such order; or (3) a manifest
>     failure by the Court to consider material facts or
>     dispositive legal arguments that were presented to the
>     Court before such interlocutory order.

Id. at 7.3(b). "No motion for revision may repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised." Id. at 7.3(c).

**III. Analysis**

Carnett does not identify the rule that authorizes his Motion for Reconsideration. The August 12, 2021 order does not resolve all the claims against all the parties and constitutes an interlocutory order. The Court construes the Motion for Reconsideration as one under Federal Rule of Civil Procedure 54(b) and Local Rule 7.3. Carnett identifies new facts that were not presented to Magistrate Judge Claxton or Judge Todd. However, the Motion for Reconsideration fails because the new facts are not material, and Carnett does not explain why he did not present the new facts before the August 12, 2021 order.

Carnett's new facts are not material because the Court cannot consider them at this stage in the litigation. At the motion to dismiss stage, the court determines whether the complaint asserts "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). The court

7

may not consider matters beyond the complaint without converting the motion to dismiss into a motion for summary judgment. Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 613 (6th Cir. 2009). The three R&Rs and the August 12, 2021 order applied the motion to dismiss standard. In ruling on Carnett's Motion to Reconsider, the Court also applies the motion to dismiss standard. Although Carnett presents new facts in his Motion, he has not sought to amend his Complaint. The Court is constrained by the facts alleged in the Complaint and cannot properly consider Carnett's new facts.

Carnett's new evidence is also not material because it does not change the outcome of Defendants' Motions to Dismiss. The validity of search warrants or the existence of state offenses is not relevant to the analysis of any of the dismissed claims. Carnett's correspondence with Pickens does not make Carnett's "abuse of power" claim more plausible and has no bearing on the other claims against Pickens.

Carnett has not established his due diligence in presenting new facts. Carnett complains that Pickens has denied Carnett's request for documentation of the search of the residence and has frustrated Carnett's investigation of the claims. However, the search warrants, notarized database searches, and correspondence on which Carnett relies in his Motion were available to Carnett or were in his possession before the entry of the August 12, 2021

order. Carnett does not explain why he did not present the new evidence before the August 12, 2021 order.

**IV. Conclusion**

For the foregoing reasons, Carnett's Motion for Reconsideration is **DENIED**.

SO ORDERED this 31st day of May, 2022.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE