IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KEVIN CARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 20-cv-1238 |
| | ) | |
| CHESTER COUNTY, TENNESSEE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO DISCLOSE GRAND JURY MATERIALS AND GRANTING MOTIONS TO SUBMIT USB DRIVES**

Before the Court is Plaintiff Kevin Carnett's February 13, 2023 Motion to Disclose Grand Jury Materials. (ECF No. 82.) Plaintiff believes that grand jury records from the circuit courts of McNairy and Chester Counties, Tennessee, will contradict Defendants' version of the search of Plaintiff's home and aid Plaintiff's civil suit. (Id. at 709.)

The United States District Court for the Western District of Tennessee does not have custody of Tennessee state court grand jury records. Plaintiff does not cite any authority showing that this Court has the power to order state courts to divulge their sealed grand jury records. When facing motions for access to state court grand jury records in a civil suit, federal courts have generally required litigants to seek disclosure of the

records directly from the state court first. <u>Gillespie v. City of Mia. Twp.</u>, No. 3:13-cv-416, 2022 U.S. Dist. LEXIS 81140, at *8-9, *35 (S.D. Ohio May 2, 2022); <u>Gonzalez v. Cnty. of Suffolk</u>, No. CV 09-1023 (TCP) (GRB), 2014 U.S. Dist. LEXIS 58775, at *14-15 (E.D.N.Y. Apr. 23, 2014); <u>see also</u> <u>Douglas Oil Co. of Cal. V. Petrol Stops Nw.</u>, 441 U.S. 211, 224-25 (1979) (declining to resolve question but stating that federal courts have generally said that request for grand jury minutes should be directed to court empaneling the grand jury).

Plaintiff's Motion for Disclosure of Grand Jury Materials, ECF No. 82, is DENIED.

Also before the Court are two effectively identical February 7, 2023 Motions to Submit USB Drives (the "Motions to Submit"). (ECF Nos. 79, 80.) The Motions to Submit seek leave to provide the Court with USB drives containing evidence to support Plaintiff's summary judgment arguments. (ECF Nos. 79, 80.) On consideration of the motions and the record, the Motions to Submit, ECF Nos. 79, 80, are GRANTED. Plaintiff is directed to provide opposing counsel a copy of all USB drives submitted if he has not already done so.[1] This Order does not constitute a

---

[1] Plaintiff's Motions to Submit represent that Plaintiff mistakenly sent the USB drives to the office of the Clerk of Court in advance of this Order. (ECF Nos. 79, 80.) The Court is informed by the Clerk's office, however, that it has not received any USB drives from Plaintiff, whether related to the instant Motions to Submit or Plaintiff's prior motion, which the Court granted, to submit an audio

2

ruling on the authenticity or admissibility of any proffered evidence on the USB drives.

SO ORDERED this 9th day of March, 2023.

                                              /s/ *Samuel H. Mays, Jr.*
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE

---

recording. (See ECF Nos. 76, 78.) Plaintiff should resubmit the missing USB drives if he wishes the Court to consider them.